**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------x**
**JOHN A. CARDONA,**

**Plaintiff,**

**2:26-cv-00790**

**-against-**

**FIST AMENDED COMPLAINT**

**TENAGLIA & HUNT, P.A.,**
**and BANK OF AMERICA, N.A.**

**Defendants.**
**-----------------------------------------------------------------x**

Plaintiff JOHN A. CARDONA ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants TENAGLIA & HUNT, P.A. ("Tenaglia & Hunt"), and BANK OF AMERICA, N.A. ("Bank of America") and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Tenaglia & Hunt, P.A., for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. et seq. by engaging in unfair, deceptive, and abusive debt collection practices, including pursuing and maintaining enforcement actions in connection with an alleged debt despite the existence of a court-ordered stay of enforcement, and by engaging in conduct that unlawfully deprived Plaintiff of access to his bank funds.

2. Plaintiff further alleges that, as a direct and proximate result of Defendant's unlawful actions, conduct, and omissions, Plaintiff suffered actual damages including, *but not limited to*, loss of access to funds, financial harm, emotional distress, expenditure of time and resources, annoyance,

aggravation, and frustration.

3. Plaintiff brings this action for actual and statutory damages, as well as for statutory attorney's fees and costs, pursuant to the FDCPA, 15 U.S.C. § 1692 et seq.

4. Plaintiff further brings this action against Bank of America for breaching its contract with Plaintiff and for refusing to return the excess amounts taken from Plaintiff's account to satisfy the subject judgment.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331, as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Supplemental Jurisdiction over the state law claims pursuant to 28 U.S.C. § 13678.

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, a natural person, is a resident of the State of New York and Suffolk County, and qualifies as a "consumer" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). See 15 U.S.C. § 1692a(3).

9. Defendant Tenaglia & Hunt, P.A. is a professional association duly authorized and qualified to do business in the State of New York. At all relevant times, Tenaglia & Hunt, P.A. acted as attorneys for Barclays Bank in connection with the collection and enforcement of an alleged consumer debt, and qualifies as a "debt collector" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6).

10. Defendant Bank of America, N.A. is a national banking association duly authorized and qualified to do business in the State of New York.

## FACTUAL BACKGROUND

11. Plaintiff had previously maintained a consumer banking account with Bank of America, N.A.

12. Plaintiff consistently acted in good faith with respect to his financial and legal obligations.

13. At some point in or around March 26, 2024, a debt collection action involving Barclays Bank was commenced against Plaintiff. Plaintiff was never properly served with the summons and complaint and was not aware of the action at the time it was filed.

14. On or about October 7, 2024, Plaintiff spoke with a representative of Defendant Tenaglia & Hunt, P.A. regarding the alleged debt and was advised that a payoff letter would be sent. Plaintiff never received any such payoff letter.

15. Plaintiff had previously received electronic statements from Barclays Bank and made payments electronically, and had requested that Barclays correct its records to reflect Plaintiff's proper mailing address.

16. On or about May 23, 2025, Bank of America notified Plaintiff that it had received a New York restraining notice issued in connection with the collection of the alleged debt and had restricted access to Plaintiff's account and held funds in the amount of $10,450.18.

17. On May 27, 2025, Plaintiff filed an application with the Suffolk County District Court seeking an Order to Show Cause to vacate a default judgment that had been entered without Plaintiff's knowledge.

18. On May 27, 2025, the Suffolk County District Court issued an Order Staying Enforcement of the judgment pending further order of the court.

19. The Order Staying Enforcement was received by counsel for the parties on or about June 2, 2025.

20. Despite the stay of enforcement being in effect, Plaintiff's Bank of America account remained restrained pursuant to a garnishment or restraining notice related to the stayed judgment.

21. On or about June 5, 2025, Bank of America notified Plaintiff that it had received a New York restraining notice and had again restricted access to Plaintiff's account in the amount of $10,450.18, while identifying a protected amount of $3,960.00.

22. Plaintiff was deprived of access to his funds despite the existence of a valid court order staying enforcement of the judgment.

23. Plaintiff made several attempts to address the improper restraint of his account and acted in good faith to resolve the matter.

24. On or about October 22, 2025, Bank of America notified Plaintiff that it had received a New York property execution in the amount of $5,562.36 and had restrained and held funds from Plaintiff's account in the amount of $10,450.18 in connection with that execution.

25. As a result of Defendant's conduct, Plaintiff's account was restrained multiple times in connection with the same underlying debt and during the pendency of a court-ordered stay of enforcement.

26. Plaintiff has suffered harm as a result of Defendant's conduct. The improper restraint of Plaintiff's bank account, despite a court-ordered stay of enforcement, was, at a minimum, a substantial factor in depriving Plaintiff of access to his funds, and caused Plaintiff significant financial harm, emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION

VIOLATION OF THE FDCPA

Against Defendant Tenaglia & Hunt, P.A. only

27. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

28. Defendant is a debt collector as defined in 15 U.S.C. § 1692(a)(6).

29. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of a debt in an attempt to collect a debt. .

30. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by law.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the subject debt.

32. Plaintiff has suffered harm as a result of Plaintiff's violations of the FDCPA including but not limited to economic hard and emotional distress.

**SECOND CAUSE OF ACTION**

Breach of Contract

Against Defendant Bank of America, N.A. Only

33. Plaintiff repeats and realleges the foregoing paragraphs.

34. Plaintiff's deposit account agreement with Bank of America constitutes a valid and enforceable contract.

35. Defendant Bank of America breached the agreement by restraining funds in contravention of a valid court order, restraining more funds than allowed by law, and bt refusing to release restrained funds in a timely manner.

36. Plaintiff was damaged as a result of Bank of America's breach.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: February 20, 2026

Respectfully submitted,

__________________________

Kevin C. Mallon
550 Kinderkamack Road
Oradell, NJ. 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*